UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION
- - - - - - - - - - - - - - - - - - x

ROBERT GEORGIO,                           :   07 Civ. **07 CIV. 6151**

             Plaintiff,         COMPLAINT   **BRIEANT**
                                          :
   - against -                            JURY TRIAL
                                          :   DEMANDED
O'BRIEN & TAYLOR and SCHWARTZ &
BENJAMIN INC. a/k/a BDS, INC.,            :

             Defendants.        :

- - - - - - - - - - - - - - - - - - x

    Plaintiff Robert Georgio, by and through his attorneys Danzig Fishman & Decea, as and for his complaint herein alleges the following:

    1.   This is an action for damages incurred by plaintiff as a result of, *inter alia*, defendants' violation of the Fair Debt Collection Practices Act (the "Act") (15 U.S.C. § 1692 *et seq*.), and the Consumer Protection from Deceptive Acts and Practices Act (General Business Law of State of New York § 349 *et seq*.); plaintiff also seeks a declaratory judgment.

JURISDICTION AND VENUE

    2.   This Court has jurisdiction over this action pursuant 15 U.S.C. § 1692k(d) of the Act which provides, in pertinent part, that "an action to enforce any liability created by this subchapter may be brought in any appropriate United States District Court without regard to the amount in controversy. . . .", and pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that this is the district in which the causes of action arose and where plaintiff resides. This matter should be heard in the White Plains Division of this Court pursuant to Rule 21 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Rules for the Division of Business Among District Judges, Southern District.

## THE PARTIES

4. Plaintiff is a resident of the State of New York who resides in Harrison, Westchester County.

5. Upon information and belief defendant O'Brien & Taylor (the "defendant law firm"), is a partnership organized and existing under the laws of the State of New Jersey with offices located at 175 Fairfield Avenue, P.O. Box 505, West Caldwell, New Jersey.

6. Upon information and belief defendant Schwartz & Benjamin Inc. a/k/a BDS, Inc.("BDS"), is a corporation organized and existing pursuant to the laws of the State of New Jersey and has offices located at 100 Marine Blvd., Lynn, Massachusetts.

## AS AND FOR A FIRST CLAIM

7. Defendant BDS was at all times relevant hereto represented by the defendant law firm. The defendant law firm is a debt collector as defined in the Act.

8. The defendant law firm's initial communication with

plaintiff was a letter dated June 4, 2007 (the "Violation Letter").

9. The defendant law firm violated the act by failing to state in its initial communication with the debtor, that:

> This is an attempt to collect a debt and any information obtained will be used for that purpose (15 U.S.C. § 1692e (11)).

10. Within five days of the initial communication, the debt collector must send to the debtor a written notice containing the following:

 (i) the amount of the debt;

 (ii) the name of the creditor to whom the debt is owed;

 (iii) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

 (iv) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

 (v) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(15 U.S.C. § 1692g)

11. In this case the defendant law firm did none of what is was required to do under the Act and is in substantial violation

of it; the defendant law firm's violation of the Act gives rise to a claim by plaintiff under the Act.

12. Accordingly, as a result of the defendant law firm's violation of the Act, plaintiff is entitled to compensatory damages as well as statutory damages including costs and attorneys' fees, all as provided for under the Act.

## AS AND FOR A SECOND CLAIM

13. Plaintiff repeats the allegations of paragraphs 1 to 12 herein.

14. On or about June 5, 2007, plaintiff received the Violation Letter.

15. The Violation Letter, and the contract enclosed with it (the "Contract"), copies of which are annexed hereto as Exhibit A, received by plaintiff purport to assert that plaintiff is liable under the Contract for the debt of his company, Georgio Shoes, Inc. (sometimes also referred to as the "Corporation"). In fact no such liability exists by reason of the fact that among other things the Contract is violative of the statute of frauds pertaining to surety liability. The Violation Letter is a clear attempt by defendants to trick plaintiff into believing the he was liable for the debt of Georgio Shoes, Inc., when clearly he was not.

16. Upon receipt of the Violation Letter in which defendants asserted that plaintiff owed in excess of $60,000 when no such liability existed, plaintiff became devastated, frightened

and confused.

17. For the reasons set forth herein the Violation Letter sent by defendants is on its face false, deceptive and misleading, and constitutes a clear violation of both state and federal law. As is also set forth below, only later would plaintiff learn that the alleged debt was no debt at all but, rather, a deceptive attempt by defendants to extract money from him which he did not owe.

## AS AND FOR A THIRD CLAIM

18. Plaintiff repeats the allegations of paragraphs 1 to 17 herein.

19. The Contract is devoid of clear and explicit evidence that plaintiff sought to provide personal surety for the debts of the Corporation. The purported personal guarantee was an inconspicuous single sentence buried in a block of text toward the bottom of the Contract. Plaintiff's signature clearly indicates that he executed the Contract as the owner and principal of the Corporation and was incurring the obligation on behalf of the Corporation.

20. The billing and shipping addresses listed on the Contract were those of the Corporation.

21. The "applicant" as defined in the Contract is the Corporation and even if there were liability under the small print language of the Contract it runs to the "applicant" which is the

Corporation.

22. The principals of a Corporation may only be liable for a Corporation's debts if there is clear and explicit evidence that the principal intended to substitute his own liability for that of the Corporation.

23. What defendants characterize as a personal guaranty violates the statute of frauds which requires direct and explicit evidence that the signing individual had actual intent to provide surety for the debts of another entity.

24. As is set forth above, there exists a real and justiciable controversy between the parties, which goes to the legal rights of the parties and involves substantial legal interests; the controversy as aforesaid calls for the exercise of the discretion of this Court to grant a declaratory judgment which will in all respects determine the controversy.

25. Plaintiff has standing to bring this claim for declaratory relief.

26. Accordingly plaintiff is entitled to a judgment declaring that the ambiguous Contract is not sufficient to confer liability on a corporate officer and that therefore plaintiff is not personally liable for the debt incurred under the Contract.

## AS AND FOR A FOURTH CLAIM

27. Plaintiff repeats the allegations of paragraphs 1 to 26 herein.

28. The actions of plaintiff, as set forth herein, were false, deceptive, and misleading in a material way and are in willful violation of the Consumer Protection from Deceptive Acts and Practices Act (G.B.L. §§ 349-350).

29. Accordingly, as a result of the defendant law firm's violation of the G.B.L. as aforesaid, plaintiff is entitled to compensatory damages as well as statutory damages including costs and attorneys' fees all as provided for under the GBL.

WHEREFORE, plaintiff demands judgment as follows:

(i) On his first claim:

(a) For a money judgment against the defendant law firm in an amount to be determined upon the trial of this action but presently believed to be in excess of $5,000,000;

(ii) On his second claim:

(a) For a money judgment against defendants, jointly and severally, in an amount to determined upon the trial of this action but presently believed to be in excess of $5,000,000, plus those damages which will continue to accrue during the pendency of this action;

(b) For additional statutory damages in the sum of $1,000; and

(c) For costs of this action including reasonable attorneys' fees.

(iii) On his third claim:

(a) For a judgment declaring that the Contract alone does not confer liability upon plaintiff for the debts of the Corporation.

(iv) On his fourth claim:

(a) For actual damages in an amount to be determined upon the trial of this action, plus those damages which will continue to accrue during the pendency of this action;

(b) For additional statutory damages;

(c) For costs of this action including reasonable attorneys fees;

(v) For punitive damages in the sum of $5,000,000; and

(vi) For such others and further relief as to this Court may seem just and proper.

Dated: White Plains, New York
       June 29, 2007

DANZIG FISHMAN & DECEA

By: _____
THOMAS B. DECEA (TD 9105)
A Member of the Firm
Attorneys for Plaintiff
  Robert Georgio
One North Broadway, 1202
White Plains, New York 10601
(914) 285-1400