**JARED J. SCHARF**
ATTORNEY AT LAW
1025 WESTCHESTER AVENUE, SUITE 305
WHITE PLAINS, NEW YORK 10604

(914) 682-9777

JARED J. SCHARF

ADAM L. SCHARF *

* NY, NJ BARS

August 17, 2007

Honorable Charles L. Brieant
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

                        Re:    United States v. Elia
                                  Docket No. 07 Cr. 543 (CLB)

Dear Judge Brieant:

      I write in behalf of defendant Yehezkel Elia to request additional time to complete discovery and to file motions. The reason for this request revolves around the limited progress to date in completing the necessary discovery. The details are as follows:

      For purposes of this letter, there are three forms of discovery that the defense needs to inspect and photocopy: (a) items seized pursuant to the execution of search warrants ("search material"), (b) items obtained by the grand jury from third parties ("third party material"), and (c) specific items we have requested. We will also need to obtain as-yet unidentifiable items from third parties. Our primary objective is to obtain evidence of additional costs that would reduce or eliminate the "substantial tax due and owing" element of the offense of willful attempt to evade income taxes pursuant to Title 26, United States Code, Section 7201.

      The government charges, and the defense substantially concedes, that Mr. Elia used cash from his retail business to purchase money orders. The defense alleges, and the government essentially has conceded, that Mr. Elia used numerous money orders to pay for inventory for his stores. Of course, such purchases reduce the tax loss. The parties' difference of opinion centers around the degree to which Mr. Elia used money orders to purchase inventory for his stores. Such purchases could only be established by gathering, accounting for, and adding up all the purchase invoices. In addition, we have requested from the government printouts of the Postal Services database itemizing all the money orders. That database would be extremely helpful.

JARED J. SCHARF

Honorable Charles L. Brieant
August 17, 2007                    Page 2

      In the two years prior to the indictment, the defense requested that the government make available the search material. After prolonged negotiations, we were given the opportunity to pay for the copying of the invoices seized in the search. After extensive inspection and analysis of these invoices during the pre-indictment period, it was apparent to the defendant and his accountants that only a portion of the invoices were made available.

      Following our first appearance in court June 20, we were not given access to the original search material until July 20, despite a series of requests that we had made beginning as early as June 21. In our review of this material in approximately eight four-hour sessions since July 20, we have identified numerous invoices that had not been provided to us during the pre-indictment period. As a result, our accountants' laborious analysis of invoices over the past two years is essentially useless, and we need to begin this analysis process from the beginning. Unfortunately, we are not permitted to prepare schedules of invoices during our inspection at the United States Attorney's Office; we are permitted only to list the items we inspect. The government has imposed other rules that we believe have delayed the discovery process. We are not permitted to have photocopies of individual invoices that we are missing; we are permitted to make one request for photocopying of all items at the completion of our inspection. We have not completed inspecting the search material. We are not permitted to inspect more than one box at a time, using multiple personnel, to expedite our inspection. We are not permitted to inspect third party material until we complete our inspection of search material. Because of the resulting delay of the discovery process, we cannot determine what Rule 17(c) subpoenas we need to seek approval of from the court until we have completed the foregoing review.

      I am not arguing at this time that the rules imposed upon us by the government are unreasonable or that they cause undue inconvenience or hardship. My only point at this time is that, given these rules, combined with the delay until July 20 in our first being given access to the discovery material, and combined with the uselessness of our previous exhaustive analysis in 2005 and 2006 that arose from our being given less than the entire set of seized material, discovery has proceeded in a painstakingly slow manner. In addition, we have received from the government only a negligible response to our requests for particular items other than invoices, most of our requests going ignored, including our request for the Postal Service's detailed database of the money orders Mr. Elia purchased.

JARED J. SCHARF

Honorable Charles L. Brieant
August 17, 2007          Page 3

    I am confident that the government eventually will provide responses to our requests for discovery. Therefore, I am reluctant to prepare and file a discovery motion at considerable cost to the defendant and time to the court and the defense when the government undoubtedly will state in response merely that it is aware of its discovery obligations, that it previously provided yet other material not referred to in the motion, and that it will continue to cooperate, etc. Instead, I simply request additional time to complete the discovery process, to file a discovery motion in the event the government does not fully respond to our requests hereafter, and to prepare and file motions.

    Moreover, I cannot prepare a motion for Rule 17(c) subpoenas until we identify what additional invoices we require and from what manufacturers, which we cannot do until we complete the ongoing discovery.

    Based on the foregoing, I respectfully request that the defense be afforded additional time to complete discovery and to file motions.

    Thank you very much.

Respectfully,

Jared J. Scharf

cc: Cynthia K. Dunne, Esq.
    Joseph C. Vita, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION
- - - - - - - - - - - - - - - - - - - x

ROBERT GEORGIO,                             :    07 Civ. 6151 (CLB)

             Plaintiff,
                                            :
   - against -                              STIPULATION OF
                                            :    DISCONTINUANCE
O'BRIEN & TAYLOR and SCHWARTZ &                  & Order
BENJAMIN INC. a/k/a BDS, INC.,              :

            Defendants.                   :

- - - - - - - - - - - - - - - - - - - x

IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE UNDERSIGNED AS FOLLOWS:

   1.   The within action be, and the same herby is, discontinued with prejudice and without costs to any party.

   2.   No party hereto is an infant or incompetent; by signing below counsel represent that each is authorized to act on behalf of their respective client(s).

Dated: White Plains, New York
       August 31, 2007

                                  DANZIG FISHMAN & DECEA

                                  By:_____
                                  THOMAS B. DECEA (TD 9105)
                                  A Member of the Firm
                                  Attorneys for Plaintiff
                                    Robert Georgio
                                  One North Broadway, 1202
                                  White Plains, New York 10601
                                  (914) 285-1400

RECEIVED AUG 3 1 2007 USDC-WP-SDNY

1 of 2

O'BRIEN & TAYLOR

By: _____
    FRANK TAYLOR, ESQ.
    A Member of the Firm
    Attorneys for Defendants
    175 Fairfield Avenue
    West Caldwell New Jersey 07007
    (973) 226-0900

✓  SO ORDERED:

_Charles Brieant_
U.S.D.J.

09 - 04 - 07